IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIE INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-02562 |
| BLUEGRASS MATERIALS COMPANY, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THE ESTATE OF CHARLES STITLEY, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-21-02687 |
| BLUEGRASS MATERIALS COMPANY, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs The Estate of Charles Stitley ("Stitley Estate") and Erie Insurance Company ("Erie Insurance") have brought Complaints against Bluegrass Materials Company, LLC ("Bluegrass") in two separate cases. (JKB-21-02562 (hereinafter "Erie") Compl., ECF No. 2; JKB-21-02687 (hereinafter "Estate") Compl., ECF No. 4.) Pending before the Court are six motions: Motion to Remand (Estate ECF No. 10); Motions to Consolidate (Estate ECF No. 12; Erie ECF No. 24); and Motions to Strike (Estate ECF No. 15; Erie ECF Nos. 23, 34.) For the

1

reasons set forth below, the Motion to Remand will be denied; the Motions to Consolidate will be granted; and the Motions to Strike will be denied.

## I. Factual and Procedural Background

The Complaints in both cases provide similar facts: Bluegrass operates the Frederick Quarry, which is near two properties, 25 Hamilton Avenue and 27 Hamilton Avenue, in Frederick, Maryland. (Erie Compl. ¶¶ 3, 5; Estate Compl. ¶ 4.) Bluegrass allegedly negligently conducted surface mining activities, which allegedly proximately caused a sinkhole on September 11, 2018 (the "Sinkhole"). (Erie Compl. ¶ 9; Estate Compl. ¶ 10.) As a result of the Sinkhole, the homes at 25 and 27 Hamilton Avenue were deemed uninhabitable. (Erie Compl. ¶ 10; Estate Compl. 14.)

Mark and Jennifer Nelson owned the 27 Hamilton Avenue property. (Erie Compl. ¶ 2.) The Stitley Estate owned 25 Hamilton Avenue. (Estate Compl. ¶ 1.) Jennifer Nelson is the personal representative of the Stitley Estate. (Estate Compl. ¶ 3.) Erie Insurance insured 27 Hamilton Avenue and, as a result of damage caused by the Sinkhole, paid the Nelsons approximately $496,999.77. (Erie Compl. ¶¶ 8, 11.) Erie Insurance was subrogated to any claims the Nelsons had against Bluegrass with respect to 27 Hamilton Avenue. (*Id.* ¶ 12.) Both Erie Insurance and the Stitley Estate bring the same claims against Bluegrass: (1) negligence; (2) violations of the Maryland Surface Mine Dewatering Act and COMAR 26.21.02.04; (3) nuisance; and (4) strict liability. (Erie Compl. ¶¶ 13–28; Estate Compl. ¶¶ 19–30.)

Erie Insurance and the Stitley Estate initially filed their Complaints in the Circuit Court for Frederick County. On September 16, 2021, the Circuit Court for Frederick County granted the Stitley Estate's Motion to Stay pending resolution of a Maryland administrative proceeding relating to the Sinkhole (Maryland Department of the Environment, et al. v. Bluegrass Materials

2

Co., LLC) ("Administrative Proceeding"). (*See* Estate ECF No. 10-1 at 4.)[1] Bluegrass then removed both cases to this Court on the basis of diversity jurisdiction. (Erie ECF No. 1; Estate ECF No. 1.)

Following removal, Bluegrass filed a Third-Party Complaint against the Stitley Estate in the Erie case. (Erie ECF No. 15.) There, Bluegrass alleges that any damage caused to 27 Hamilton Avenue was "caused and contributed to by the structures, events, and actions at 25 Hamilton Ave." (*Id.* ¶ 12.) Bluegrass also alleges that it performed repairs relating to the Sinkhole, which benefited 25 Hamilton Avenue and thus, the Stitley Estate. (*Id.* ¶¶ 13–15.) Bluegrass therefore brings third-party claims against the Stitley Estate for: contribution in the event that it is found liable for any of the damage alleged by Erie Insurance; unjust enrichment based on the repairs Bluegrass made to 25 Hamilton Avenue; and quantum meruit based on the repairs Bluegrass made to 25 Hamilton Avenue. (*Id.* ¶¶ 17–35.) Bluegrass has also filed Counterclaims in the Estate case which include the same unjust enrichment and quantum meruit claims as its Third-Party Complaint in the Erie case. (Estate ECF No. 6 at 14–16.)

## II. Remand

The Stitley Estate argues that this Court should remand its case because the Court does not have jurisdiction under 28 U.S.C. § 1332(a). (*See generally* Estate ECF No. 10.) It argues that complete diversity between the parties does not exist, as both the Stitley Estate and Bluegrass are citizens of Maryland. The Motion for Remand will be dismissed, as complete diversity exists between the Stitley Estate and Bluegrass.

---

[1] The Court understands, based on a February 16, 2022 filing from Bluegrass, that the administrative law judge ("ALJ") in the Administrative Proceeding issued a decision on February 13, 2020 finding that the quarry activities were not the proximate cause of the Sinkhole. (*See* Erie ECF No. 39 at 2.) Subsequently, the Stitley Estate and Maryland Department of the Environment filed a petition for judicial review of the decision, arguing that the ALJ failed to use the "substantial factor" test. (*Id.*) The circuit court remanded the case, and the ALJ issued a supplemental written decision clarifying that she had used the substantial factor test. (*Id.*) It is not clear to the Court whether any issues currently remain pending in the Administrative Proceeding.

It is well established that, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company [such as Bluegrass] is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004)). All of Bluegrass' members are either limited liability companies or corporations. A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Mountain State*, 636 F.3d at 103 (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is its "nerve center." *Mountain State*, 636 F.3d at 104 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010)); *see also Hertz*, 559 U.S. at 92–93 ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

Bluegrass argues that it is a citizen of North Carolina and Delaware. (*See generally* Estate ECF No. 14.) As Bluegrass explains:

> Bluegrass Materials Company, LLC's sole member is Panadero Midco, LLC, which, like Bluegrass, is a Delaware LLC. Panadero Midco, LLC's sole member is Martin Marietta Bluegrass, LLC, another Delaware LLC . . . Martin Marietta Bluegrass, LLC, has two members, Panadero Corp. and Martin Marietta Materials, Inc. Panadero Corp is a Delaware corporation with its principal place of business located in Raleigh, North Carolina, and thus Panadero Corp. is a citizen of Delaware and North Carolina. . . . Martin Marietta Materials, Inc., is a North Carolina corporation with its principal place of business located in Raleigh, North Carolina, and thus Martin Marietta Materials, Inc. is a citizen of North Carolina.

(*Id.* at 4.) Bluegrass explains that the principal place of business for Pandero Corp. and Marietta Materials, Inc. is North Carolina under the "nerve center" test. (*Id.* at 7–8.) It is in North Carolina "where the direction, control, coordination, policymaking, business management, strategic, and other executive and high-level corporate decisions for both Martin Marietta Materials, Inc., and

4

Pandero Corp. are made." (*Id.* at 7.) Thus, Bluegrass explains, it is only a citizen of North Carolina and Delaware. (*Id.* at 8.)

The Stitley Estate does not dispute any of these facts, but instead argues that Bluegrass is a citizen of Maryland for several reasons, none of which relate to the citizenship of Bluegrass' members. (*See* Estate ECF No. 10-1 at 6–8.) The Stitley Estate argues that Bluegrass is a citizen of Maryland because it operates the Frederick Quarry, and the Frederick Quarry—including its principal place of business, officers, and nerve-center—is in Maryland. (*Id.*) The Stitley Estate also argues that the Frederick Quarry is licensed, bonded, and insured in Maryland; has a Maryland address and phone number on its website; applies for permits with Maryland and Frederick, Maryland; is regulated by Maryland governmental entities; and has a resident agent located in Maryland. (*Id.*)[2]

The Court finds that there is complete diversity between the parties. Neither party disputes that the Stitley Estate is a Maryland citizen and the Court finds that it is, as Mr. Stitley was a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.") However, although Bluegrass' corporate structure is somewhat complicated, Bluegrass is not a citizen of Maryland. Neither of its limited liability company members are citizens of Maryland, and its ultimate corporate members—Panadero Corp. and Martin Marietta Materials, Inc.—have their principal places of business in North Carolina.[3]

---

[2] The Stitley Estate also argues that this Court lacks diversity jurisdiction because the Circuit Court for Frederick County granted the Stitley Estate's motion to stay given the existence of the Administrative Proceeding. (*See* Estate ECF No. 11 at 1–2.) The Stitley Estate does not explain why this fact would deprive this Court of diversity jurisdiction. The Stitley Estate also explains in support of its Motion to Remand that "Plaintiff and Defendant are required to exhaust their administrative remedies prior to pursuing a civil action. (*Id.* at 2.) In making this argument, the Stitley Estate fails to acknowledge that it is the one who filed the instant action, not Bluegrass, and does not explain why this would require the Court to remand the case to the state court.

[3] Erie Insurance has not moved for remand and does not dispute Bluegrass' assertion that Erie Insurance is a Pennsylvania corporation with a principal place of business in Pennsylvania. (*See* Erie ECF No. 1.) As discussed,

### III.     Consolidation

Bluegrass has filed Motions to Consolidate the two cases. (Erie ECF No. 24; Estate ECF No. 12.) Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." In determining whether consolidation is appropriate:

> The critical question for the district court in the final analysis whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). The Court has "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Further, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see also Hall*, 138 S. Ct. at 1125 ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them.")

The threshold consideration in deciding if cases should be consolidated is whether different cases present a common question of either fact or law. Fed. R. Civ. P. 42(a). Here, it is clear that the case does indeed present common questions of fact and law: the cases involve nearly identical factual situations—property damage of neighboring properties as a result of a Sinkhole allegedly

---

Bluegrass is a citizen of North Carolina and Delaware. Thus, complete diversity also exists between Erie Insurance and Bluegrass.

caused by Bluegrass—and questions of law—the complaints in both cases raise identical issues. Indeed, Erie Insurance and the Stitley Estate do not dispute Bluegrass' argument that the cases present common questions of fact or law.

Applying the factors enumerated in *Arnold*, the Court concludes that consolidation is appropriate. Because there are common questions of fact and law in these two cases, consolidation would eliminate the risk of inconsistent adjudication. Further, consolidation would likely alleviate substantial burdens on the parties compared to parallel litigation. Given the early stage of both cases, consolidation provides an opportunity for considerable time and cost savings by reducing the need for overlapping discovery. Bluegrass also provides several other logistical reasons why consolidation should be allowed: at least one of the same attorneys represents both the Stitley Estate and Erie Insurance; Erie Insurance is asserting subrogration rights on behalf of Mark and Jennifer Nelson and Jennifer Nelson is the personal representative and sole beneficiary of the Stitley Estate; Bluegrass is the sole defendant in both cases; and the cases will involve overlapping and duplicative witnesses and discovery. (Erie ECF No. 24 at 3–4; Estate ECF No. 12 at 3–4.)

Erie Insurance and the Stitley Estate argue that consolidation would result in delay and confusion due to the pending Administrative Proceeding.[4] (Erie ECF No. 29 at 4–5; Estate ECF No. 16 at 4–5.) They argue that consolidation could cause confusion, as Erie is not a party to that action and that action could resolve certain issues relating to the Estate case. (Erie ECF No. 29 at 4–5; Estate ECF 16 at 4–5.) However, the Estate and Erie fail to explain how the administrative resolution of certain issues in one of the two cases would be so confusing as to militate against consolidation. Erie and the Estate also argue that—because the Court must stay the Estate action

---

[4] Erie and the Estate also argue that consolidation would be inappropriate because there does not exist complete diversity between Bluegrass and the Estate. (Erie ECF No. 29 at 4; Estate ECF No. 16 at 4–5.) However, as discussed above, such diversity does exist.

7

pending resolution of the Administrative Proceeding—this would result in unnecessary delay as to Erie. (Erie ECF No. 29 at 4–5; Estate ECF 16 at 4–5.) However, no stay currently exists in either case, and, to the extent that a stay would be appropriate in one matter, it seems that a stay would then also be appropriate in the other matter. Thus, the cases would in all likelihood proceed on a similar timeline. Further, a delay as a result of consolidation is not necessarily sufficient to outweigh the other factors. *See Rogers v. Dep't of Pub. Safety & Corr. Servs.*, Civ. No. JKB-19-3090, 2020 WL 298139, at *3 (D. Md. Jan. 21, 2020) ("[T]hough consolidation may cause some delays to the parties . . . the cases are not at such different stages that the efficiency benefits of consolidation are outweighed by potential delays.").

## IV. Motions to Strike

Erie Insurance and the Stitley Estate have filed three Motions to Strike. (Estate ECF No. 15; Erie ECF Nos. 23, 34.) The three Motions make similar arguments and will all be denied.

### A. Motion to Strike Bluegrass Counterclaims in the Estate Case

The Stitley Estate has filed a Motion to Strike Bluegrass' Counterclaims. (Estate ECF No. 15.) The Estate argues that the Court should strike the Counterclaims because: (1) it was filed after the statute of limitations expired; (2) there is not complete diversity of citizenship between the Stitley Estate and Bluegrass; (3) a party cannot bring a civil action prior to exhaustion of administrative remedies and the Administrative Proceeding is pending; and (4) Bluegrass does not have a viable claim for unjust enrichment or quantum meruit. *(See generally id.)* The Stitley Estate's Motion to Strike will be denied.

The Court construes the Motion to Strike as one under Federal Rule of Civil Procedure 12(f)—which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"—although it is styled as one under Federal Rule of

Civil Procedure 14(a)(4), which applies only to third-party claims. "Rule 12(f) motions generally will be not granted unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020).

The Stitley Estate's arguments in support of its Motion to Strike are either unavailing or not appropriate for a Motion to Strike, and none argue that Bluegrass has set forth "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). First, whether Bluegrass' claims are timely and whether Bluegrass has viable claims against the Stitley Estate are not matters appropriate for a Motion to Strike. Second, as discussed, there is complete diversity between the Stitley Estate and Bluegrass. Third, it is not clear to the Court why Erie Insurance and the Stitley Estate make arguments that administrative remedies must be exhausted prior to filing suit in court, as it was Erie Insurance and the Stitley Estate who initially filed suit against Bluegrass. Further, the Motion to Strike is not the appropriate vehicle through which to challenge questions regarding the exhaustion of administrative remedies.

### B.  Motions to Strike Bluegrass' Third-Party Complaint in the Erie Case

As noted above, Bluegrass filed a Third-Party Complaint in the Erie case and brought claims against the Stitley Estate for: contribution in the event that it is found liable for any of the damage alleged by Erie Insurance; unjust enrichment based on the repairs Bluegrass made to 25 Hamilton Avenue; and quantum meruit based on the repairs Bluegrass made to 25 Hamilton Avenue. (Erie ECF No. 15 ¶¶ 17–35.) Erie Insurance has filed two Motions to Strike the Third-Party Complaint. (Erie ECF No. 23, 34.) Erie Insurance's Motions to Strike will be denied.

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part

of the claim against it." Erie Insurance argues that the Court should strike the Third-Party Complaint for the same reasons that the Stitley Estate argued the Court should strike Bluegrass' Counterclaims, namely: (1) it was filed after the statute of limitations expired; (2) there is not complete diversity of citizenship between the Stitley Estate and Bluegrass; (3) a party cannot bring a civil action prior to exhaustion of administrative remedies and the Administrative Proceeding is pending; and (4) Bluegrass does not have a viable claim for contribution, unjust enrichment, or quantum meruit. (*See generally* Erie ECF No. 23.) Curiously, Erie Insurance filed a second Motion to Strike the Third-Party Complaint, which sets forth nearly identical arguments. (*See generally* Erie ECF No. 34.)

Under Federal Rule of Civil Procedure 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." *See also AIG Eur. Ltd. v. Gen. Sys., Inc.*, Civ. No. RDB-13-0216, 2013 WL 6654382, at *2 (D. Md. Dec. 16, 2013) (explaining that, "[w]hen a third-party claim has been improperly brought," any party may move to strike it under Federal Rule of Civil Procedure 14(a)(4)). Here, Erie Insurance has not provided any reasons that the Third-Party Claims were improperly brought under Rule 14(a).[5] And, as explained above, Erie Insurance's arguments in support of its Motions to Strike are unavailing for the same reasons as the identical arguments raised by the Stitley Estate. The Court will therefore deny the Motions to Strike.

---

[5] Although Erie Insurance does not challenge Bluegrass' Third-Party Claims on these grounds, Bluegrass nonetheless confirms the propriety of bringing these claims under Federal Rule of Civil Procedure 14. Federal Rule of Civil Procedure 14 "requires that the third party's liability be secondary or derivative to the defendant's liability to the original plaintiff . . . . Notably, such derivative liability usually arises in cases involving indemnification, joint tortfeasors, or contribution." *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, Civ. No. DKC-13-793, 2014 WL 1255859, at *3 (D. Md. Mar. 25, 2014) (citations omitted). Further, "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, Civ. No. WMN-09-2499, 2010 WL 761201, at *4 (D. Md. Mar. 2, 2010) (internal quotations and citations omitted). Here, therefore, Bluegrass' claim against the Stitley Estate for contribution is plainly appropriate. Additionally, while its claims for unjust enrichment and quantum meruit are "separate and independent" claims against the Estate, these claims are permissible under Federal Rule of Civil Procedure 18(a), which allows "[a] party asserting a claim, counterclaim, crossclaim, or *third-party claim* may join, as independent or alternative claims, as many claims as it has against an opposing party." (emphasis added).

## V.  Additional Matters

The Court has also reviewed the Stitley Estate's purported Motion for Extension of Time (Estate ECF No. 11-2) and the parties' Status Report (Erie ECF No. 38).

### A.  The Stitley Estate's Motion for Extension of Time

The Stitley Estate improperly filed a purported Motion to Extend the Time Requirement to Respond to Defendant's "Counter-Claims" (Estate ECF No. 11-2), as an attachment to a Supplemental Memorandum of Law in Further Support of Motion to Remand. (Estate ECF No. 11.) Further, in any motion for an extension of time, a party is required under the Local Rules to "attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court. Counsel shall state in the motion whether the consent of other counsel has been obtained." Local Rule 105.9 (D. Md. 2021). For these reasons, the Court declines to consider the Stitley Estate's Motion as presently filed. However, the Court, on its own motion, will allow the Stitley Estate 14 days from the date of this Memorandum and its accompanying Order to file an answer.

### B.  Status Report

The parties submitted a Status Report, explaining that, given the multiple pending motions, it is premature to establish a scheduling order and requesting to provide a further status report on March 15, 2022. (Erie ECF No. 38.) However, given the resolution of the motions as set forth in this Memorandum and accompanying Order, the Court shall issue a Proposed Scheduling Order setting in a scheduling conference in this matter.

## VI.  Conclusion

For the foregoing reasons, the Stitley Estate's Motion to Remand (Estate ECF No. 10), Erie Insurance's Motions to Strike (Erie ECF Nos. 23, 34), and the Stitley Estate's Motion to Strike

(Estate ECF No. 15) will be denied. Bluegrass' Motions to Consolidate (Estate ECF No. 12; Erie ECF No. 24) will be granted. Finally, the Stitley Estate will be directed to file an answer to Bluegrass' Counterclaims within 14 days of this Memorandum and accompanying Order.

DATED this 24 day of February, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge